to hear this morning. Counsel we're familiar with your cases, we've read your briefs, the authorities cited in your briefs, at least portions of the record. So you don't have a lot of time this morning. Get straight to the heart of the arguments that you want to make. You don't need to familiarize us with your case, we know what it's about. We probably will have questions. We have the traffic lights, please pay attention. When the red light shines, it's time to finish. But if you're finishing an answer from the court, of course, you can go ahead and finish your answer without losing any rebuttal time if that's something that you have. But do be mindful of our time. So when the red light shines, it is time to stop. Our first this morning is Hancock County Land Acquisitions v. United States. Ms. Stewart. Thank you, Your Honor. Good morning, and may it please the Court. I'm Rebecca Stork, and I represent the appellant, Hancock County Land Acquisitions in this case. The question before the Court is simple, but has far-reaching implications for taxpayers across this country. When the IRS ignores laws prescribed by Congress and violates taxpayer rights, do taxpayers have any recourse to remedy those violations? Yeah, the problem is whether we have jurisdiction. Yes, Your Honor. We believe that you do have jurisdiction because this does not violate the Anti-Injunction Act, and under the APA, there has been a waiver of sovereign immunity. In this case, the... Here's what you alleged in your amended complaint, that the narrow relief sought at most inhibits the service's ability to assess or collect any potential tax deficiency by requiring the service to first comply with the law. That sounds like the restraint of an assessment. Well, in the most recent case out of the Supreme Court, CIC Services, the Court does not say that the action cannot inhibit the tax, but rather what is the purpose of the suit? Well, in that case, what the Court said is where it's completely removed from the collection over the assessment of the tax, the Court isn't going to apply the injunction. In that case, it was a third party who was going to be applied a penalty if they had not complied with a certain subpoena. And what the Court there said is where there's a disconnect between the collection of the tax and a separate criminal or civil penalty, we're not going to apply the Anti-Injunction Act. We don't have anything like that here that I could tell. This is a direct... I'll look at the... I'll cite a separate provision that the Chief did, although the Chief's is accurate, too. You asked for an injunction on the collection or assessment of the tax or the issuance of the FPAA if you don't get the opportunity to have the negotiation. That's a direct injunction on the assessment of tax, which seems to go directly to the Anti-Injunction Act. What we're requesting here is that the actions by the IRS, which include the denial of the appeals, the pre-litigation appeals process, be set aside under the APA. While the FPAA is at issue here, and the FPAA ultimately can create a downstream tax liability, that's not the violation that the IRS may... Ultimately is a very kind and generous word. It seems that is the necessary prerequisite for assessing the tax. In fact, if you can't assess a tax unless the notice of deficiency for a partnership, in that case the FPAA, is issued. I mean, that is the necessary prerequisite. It isn't just, this may happen somewhere down the road. This is going to happen, right? There will be a tax that will be assessed if the FPAA is upheld, so if the adjustments are upheld correct, that is related to the downstream tax. Just like in CSE services, the notice and the violations under the notice required that there would ultimately be a tax downstream. And so there, CSE services challenged the IRS action, which was the notice itself. But again, in that case, it was a third party who was challenging a civil penalty for failing to comply with a request for documents, request for information that the IRS did ask for. And what the court there said, as I understand it, is because that's completely separate from the assessment of the tax itself, it's completely independent of that, then we're not going to apply the Injunction Act because it doesn't go to the restraint of the tax. Here, again, I just want to quote from your complaint. I'm quoting from page 30 of the complaint. This is paragraph 4 in the remedy section. We ask for, quote, temporarily, we ask for relief for temporarily enjoins defendants, meaning the IRS, from issuing an FPAA on plaintiff's tax year ending in December 31, 2016, until the defendants have provided plaintiffs with an independent review. I mean, that is, that seems to be directly what the Tax Injunction Act seems to be directed at. And I think the Tax Injunction Act is directed at the downstream tax. Here, what we're saying is that ultimately, the IRS can come in and assess the FPAA, but they must follow the laws prescribed by Congress before they get to that stage. And what the IRS did here, by issuing the FPAA without first following these procedures that are prescribed in 7803, violated the taxpayer rights. And under a ruling where you can never challenge that, if the IRS rushes out to get an FPAA, and what, in what forum will taxpayers ever have the right to enforce these procedures that Congress clearly wanted in place? Well, I think that's a separate question from whether the Tax Injunction Act applies, but let me indulge that for a second. Isn't the answer that you can remedy a procedural violation in either the tax court, or the court of claims, or the district court? And we have cases where we ourselves have affirmed district courts for reversing or vacating a notice of deficiency or an FPAA where there is procedural deficiencies. Going to the tax court, we don't believe is an adequate remedy, because the procedure that should have been available to Hancock County was a pre-litigation appeals review. What we have now is we are in tax court, it's litigation, there is discovery, there's already been motion practice. The IRS in their supplementary authority says, well, no, we've now provided appeals review. That appeals review is only of the adjustments in the FPAA. The tax court is a court of limited jurisdiction and doesn't necessarily get to review whether or not the IRS violated the rights under 7803. Let me ask it this way. If you are right, and it's a big if, but if you are right that there is a substantive remedy for a pre-FPAA independent review or independent appellate review, let's assume that you're right about that. Whether there's discovery and litigation, which happens all the time in the tax court, at the end of the day, can't the tax court recognize that the FPAA was issued without providing that right and send it back for you to get that right and for reissuance of the FPAA? That's unclear. There's not authority showing whether or not that is possible. Isn't it true for any other procedural remedy? I mean, for instance, the party cite the Greenberg case that ultimately came to us. There, the tax court found that there was a procedural deficiency, which we ourselves ultimately affirmed. Obviously, it was a different procedural deficiency, but I don't see why that would matter or be different. I think that it's different because the tax court can review the FPAA for the validity of the FPAA as well as the correctness of the adjustments within the FPAA. But whether or not the taxpayer rights were violated prior to the issuance of the FPAA, I don't believe is a clearly defined jurisdictional purview of the tax court. Let's take the supervisory approval requirement. I mean, that's a completely technical requirement. A supervisor has to sign off on the notice of deficiency or the FPAA for it to be issued. The tax court has not been shy about reversing or vacating FPAAs with regard to those, and that seems to be just as much of a procedural hurdle as this would be. Under 6751, the penalty supervisory approval provision that you're talking about, it also states that the government has the burden to prove the penalties out, right? So the penalties are part of the adjustments within the FPAA itself. So whether or not the adjustments are correct, there's clearly tax jurisdiction under 6226 whether or not the tax court can hear and make adjustments as to what the IRS has proposed within the FPAA. It's not clear whether or not if there are all of these procedural defects leading up to the FPAA, the denial of the appeals right, whether or not that is sufficient to invalidate the FPAA in the tax court. Can you explain to me why the case is moot where, as I understand it, now the IRS has offered this appellate remedy and you haven't quite accepted it, as I understand it, but haven't said, no, we're not going to participate in it. Isn't that exactly what you seem to be seeking here? What we are ultimately seeking here is the pre-litigation appeals review. What the IRS has now done is after litigation, so there was discovery. So, counsel, how do you get pre-litigation when the litigation has already started? We're asking the court to set aside everything, all of the IRS violations, which I've looked at your omitted complaint three times. Where are you asking the court to set aside the FPAA, for example? We're asking the court to enjoin the defendant from abusing the plaintiff's due process rights under section 783. That is on page 30 of the amended complaint. Are you talking about number three? Correct. You've asked the court to enjoin the defendants from abusing plaintiff's due process rights by engaging in repeating ongoing violations of the code. Isn't that just an obey the law injunction? Pardon? An obey the law injunction, which the civil rules in our case law says you cannot have. Yes. See, there's a long line of equity jurisprudence that a court cannot enjoin parties only to follow the law. It has to be something more specific in terms of conduct that a defendant's engaged in that would violate the law. To either refrain from doing that or to engage in some specific conduct that would comply. That's Judge Karnes' point. That seems to be just a request for an injunction to obey the law. Which is not a proper request for an injunction. Look at the civil rules under the injunction rules later. I reserve the remainder of my time for rebuttal. Okay. Thank you. Okay, Ms. Stork. You have four minutes. Mr. Klimas. May it please the court, Jeff Klimas for the Appellees. Plaintiffs brought this suit under the Administrative Procedure Act, primarily seeking two forms of relief. An order preventing the IRS from issuing a notice determining adjustments to Hancock's 2016 partnership tax return. And an order requiring the IRS to provide an administrative appeal. There's no jurisdiction to award either form of relief in the suit here. And the district court, therefore, correctly dismissed plaintiff's suit. As to an order preventing the IRS from issuing a Notice of Final Partnership Administrative Adjustment, or FPAA, the IRS had already issued the FPAA at the time the suit was filed. And plaintiffs have identified no authority for a court to set aside that FPAA outside of the procedures prescribed by Congress, either a tax court petition or a refund suit in district court or the Court of Federal Claims. Furthermore, I will say the complaint seems to be broader than that. There is that one provision that I actually read and that you're citing to now, number four on page 30. But the other requests for relief appear to be a little bit broader than that. In other words, they aren't specific to pre-FPAA requirements. What they say is, we want you to, I'm reading now page 29 after the wherefore clause, we want to issue a declaration that plaintiffs have a statutory right to independent review of its case by the appeals court, that defendants are required to comply with all the legal prerequisites of the code, including the specific provision allowing for an appeal, the appeals office. And we want injunctive relief for you to sign the form and to provide plaintiffs with the requested independent review. That doesn't seem to be specific to any sort of pre-notice or pre-litigation request. It says we're entitled to an appeal generally and we want our appeal. Yes, Your Honor. So the district court construed this as only requesting a pre-FPAA appeals conference. And that's not something that we believe the plaintiffs challenged in their opening brief. But to the extent that the court feels that there is an assertion that plaintiffs are entitled to. Well, if we're looking at standing, we've got to look at it as a whole, as a matter of law, based on the request that was actually made. And the request that was actually made, yes, it included a request that there be an injunction stopping the issuance of the FPAA. But it also said we want our appeal and it wasn't specific as to when it wanted its appeal. Although this lawsuit was originally filed before the FPAA came out. Yes, Your Honor. And the IRS is currently providing the taxpayer with an administrative appeal. But does that make the case moot? It certainly makes the request for an appeals conference moot in our judgment. There is still the request to enjoin the IRS from issuing the FPAA. Or I guess implicitly they're now asking for the DFPA to be rescinded. And that wouldn't necessarily be mooted, although we think the court otherwise lacks jurisdiction. But as for the request for an appeals conference, they're getting that appeals conference now. We don't think there's anything meaningful for the court to award at this posture, given the fact that they're already getting what they're asking for. Given the bar of the Anti-Injunction Act, do we need to say anything other than there's no jurisdiction under it? No, Your Honor. We think that that is independently responsible in this case. That's a complete bar to the entire suit, isn't it? That's correct, Your Honor. That the FPAA is a conditioned precedent to the assessment of a tax. That's what the Internal Revenue Code says under 6225 and 6232 as in effect at the time. No assessment until the FPAA is issued. And if the FPAA is enjoined, then the IRS cannot assess those taxes. This is essentially what the plaintiffs are asking for. They have said at page 34 of their brief, if the FPAA is allowed to stand, the IRS will be able to immediately assess the tax. That is falling right within the realm of the Anti-Injunction Act. It's going directly at the assessment of taxes and therefore is prohibited. CIC services is a very different case. That dealt with a reporting requirement that was separate and apart from the imposition of a tax penalty. That was separately enforceable by a criminal penalty. And so there was a situation where even if you enjoined the civil tax penalty, the reporting requirement would still stand. The potential for criminal liability would still stand and exist separate and apart from the imposition of that tax penalty. And therefore the court said it was too attenuated. That's not the case here where the FPAA is effectively the last thing that the IRS has to do administratively before assessing the tax. That's what the code provides. What about the ENOX exception? Sure. So the ENOX v. William Packing talks about two prongs that both have to be satisfied in order for a taxpayer to get around the Anti-Injunction Act. Well, they argue here, at least as to the second prong, that there's no avenue to litigate, assuming there is a right to a pre-FPAA appeals right, and I'm assuming that at the moment. There's no other administrative avenue for them to seek any relief. We would disagree with that, Your Honor. We would think that either a tax court petition or a refund suit provides precisely the remedy that they're looking for. Have you contested, have they raised this in the tax court, that they didn't get an appellate right, and have you contested that that is the correct avenue to bring that up in? As far as I know, it doesn't appear in their tax court petition and they haven't made any motion to that effect. The case is ongoing. It's possible they could raise that argument at a later date, but they have not raised that to date. But we think it would be the appropriate forum for that argument to be raised. Do you know of any tax court decision that has vacated a notice of deficiency or some charging document or has ruled in favor of the taxpayer in some manner or means for failure to provide an appellate remedy as required under the statute? So the analogous case would be Romano Murphy, which didn't deal with an FPAA because it wasn't a partnership, but there the taxpayer had assessed against them a trust fund recovery penalty, and they went to the tax court and they challenged that underlying liability. And they said, we believe that under Section 6672B of the Internal Revenue Code, we think that we had a right to an appeals conference, an administrative appeals conference, prior to the assessment of this penalty. This court agreed. This court said, yes, we think that 6672B requires a prior opportunity for an administrative appeal, different statute. But they accepted that argument and remanded the case to the tax court to determine whether the failure to provide a pre-notice administrative appeal was harmless error. The tax court concluded that it was not a harmless error, therefore set aside the penalty in its entirety. It zeroed it out. And we think that if the taxpayer were to reveal on its argument here that it was entitled as a matter of law to a pre-notice appeals conference, and their argument at page 25 of their brief is that an FPA issued without a prior appeals conference is invalid and unenforceable, otherwise in their brief they refer to it as unsustainable. If that's the argument they're making, unsustainable, invalid, unenforceable, that is an argument that the tax court is absolutely empowered to hear and decide and could set aside the FPA and the adjustments therein based on that argument if it believes that it is meritorious. In the same way that the tax court set aside penalties under 6751 for failure to obtain supervisory approval in Greenberg, in the same way that the tax court dealt with the validity of a regulation in the Altera case, which was ultimately reversed by the Ninth Circuit on the merits, where they found that the Treasury regulation was procedurally valid, but they found that the tax court had jurisdiction to hear that procedural challenge. We believe that the tax court has jurisdiction to hear that procedural challenge, and that's the appropriate forum, and the Anti-Injunction Act is channeling the taxpayers to that forum, saying this is an argument that can be made, if at all, in the tax court, in the Court of Federal Claims or District Court, in a suit where the liability is at issue because the taxpayer here is challenging the determination document that imposes that liability. We also think that the taxpayers are not certain to prevail on the merits, and all that's required there is that the government has some plausible basis, some colorable theory under which it could prevail, and Section 7803 is silent as to the timing of an administrative appeal. So even if we were to assume that there was a right to an administrative appeal, which we don't think there necessarily is under the text of the statute, there's nothing that requires it to be held at any particular time. The IRS's historical practice has been to sometimes hold those appeals conferences concurrently with the litigation of those issues in tax court. That's what's provided in Revenue Procedure 2016-22. That's what's provided in the IRS's Statement of Procedural Rules 26 CFR 601.106, which has been on the books since the 1980s. Congress cited to both of those forms of guidance in the legislative history surrounding Section 7803, and yet at the same time did not impose a timing requirement in Section 7803, therefore leaving the timing— Congress doesn't write legislative history. Fair enough, Your Honor. But the Congress did write— I mean, they don't vote on it, do they? No, Your Honor. Okay. Certainly, we start with the text of the statute, which does not impose a timing requirement. But with respect to the one category of taxpayers that are given certain procedural protections under Section 7803, those taxpayers in receipt of a Notice of Deficiency, which isn't this taxpayer, but some taxpayers, a Notice of Deficiency under Section 6212. 7803 E5A talks about taxpayers in receipt of a Notice of Deficiency having the ability to protest within the IRS to say, we were denied an administrative appeal, we think we're entitled to one, and that review would go to someone other than the examining agent. Hancock's currently challenging the final adjustment in tax court, right? Yes, Your Honor. Okay. So they have an adequate remedy in law, don't they? Yes, Your Honor. That's our position. If there's nothing further, we would ask the district court's decision to be affirmed. Thank you. Thank you. Ms. Stork, you've saved four minutes. Thank you, Your Honor. I do want to address a few of the points that the present counsel raised. First off, going back to the adequate remedy of appeals at the tax court, in the government's brief they do raise that there is a difference between the procedures required for a docketed tax court case at appeals and also note that if there is a refund action, the appeals has no ability to settle it because it's all within the DOJ's authority. So there is a substantial difference between a pre-litigation appeals review and the appeals review that is now being offered by the government in the tax court case. Secondly, the appeals that's being offered in the tax court case right now is done purely at the IRS's discretion, right? I mean, they did not refer this case immediately to appeals. This case was only referred after they lost a motion for summary judgment. So there's nothing to say that they could not yank that back from appeals and decide not to provide any appeals review. So the mootness is caused by their own actions versus actually providing the procedural safeguards that we've requested the court to ensure are offered. Second, I wanted to raise the issue, yes, that we have not raised in tax court whether or not Section 7803E is a bar to the validity of the FPA in tax court. And I think that there, once again, there is a significant difference between the action in tax court that is challenging the liability and the correctness of the FPA versus the challenge to the IRS's violations of 7803E. The challenge of the liability is obviously within the tax court's jurisdiction. Whether or not the right to appeals prior to that is not clearly within the tax court's jurisdiction. So we'd ask the court to find that that is a procedural right that's guaranteed by the Taxpayer First Act. And for all of those reasons, we'd ask that the court reverse district court's order and remand this case. Thank you. Thank you. We'll move to the second case.